DeVORE, P. J.
*425 *416 Plaintiff appeals the judgment in which a jury rejected his employment discrimination and retaliation claims, and found for plaintiff on a whistleblowing claim, but awarded no damages. We address plaintiff's third assignment of error to explain the basis on which we resolve it, and we reject without written discussion his other assignments of error. In the third assignment, plaintiff argues that the trial court erred by excluding expert testimony that plaintiff intended to offer. Defendant, the Oregon Liquor Control Commission (OLCC), disputed the admissibility of the testimony on a variety of grounds. We conclude that, to the extent that plaintiff raises a new argument on appeal that the testimony was nonscientific, that argument was not preserved below and we conclude that, although plaintiff asserted below that the testimony met the criteria for admissibility as scientific evidence, that argument was not pursued and developed on appeal. We affirm.
We recount the procedural facts that are relevant to our resolution of this assignment of error. Plaintiff was employed as a warehouse worker by OLCC. He brought against OLCC claims including racial discrimination and hostile work environment, retaliation, whistleblowing, racial intimidation, and failure to reemploy. OLCC subsequently terminated his employment.
During plaintiff's case-in-chief, he sought to call Dr. Curry-Stevens, a social scientist, as an expert witness. OLCC challenged the admissibility of her testimony on the basis that she was not qualified as an expert, that the evidence was not relevant or helpful to the jury, and that there was an insufficient scientific foundation for her testimony. Curry-Stevens testified during a hearing conducted pursuant to OEC 104. Both parties provided briefing, following the framework established for admission of scientific evidence in State v. Brown , 297 Or. 404, 687 P.2d 751 (1984), and State v. O'Key , 321 Or. 285, 899 P.2d 663 (1995). At the conclusion of the hearing, the trial court excluded Curry-Stevens's testimony. The court stated, "I think her testimony is clearly inadmissible and I'm not going to allow it."
*417 Plaintiff presented, as part of his case, the testimony of his treating psychologist concerning detrimental effects that he suffered in relation to his claims. In its defense case, OLCC called an expert witness, Dr. Heck, to rebut plaintiff's evidence of harmful psychological effects he had suffered. After that testimony, plaintiff again sought to call Curry-Stevens as an expert witness, arguing that her testimony was relevant to explain or rebut aspects of Heck's testimony. The trial court accepted an offer of proof indicating what Curry-Stevens's testimony would have been. Plaintiff argued that the evidence would be relevant and helpful to the jury, and that Heck's testimony had "opened the door." OLCC again opposed admission of the testimony, and the trial court adhered to its earlier ruling that it would not be admitted.
Ultimately, the jury found for plaintiff on his whistleblowing claim but awarded no damages, while it found for OLCC on the remaining discrimination and retaliation claims. The trial court entered judgment dismissing all claims.
On appeal, plaintiff assigns error to the trial court's exclusion of Curry-Stevens's testimony. He argues that her testimony was relevant, would have been helpful to the jury, and should have been admitted as expert testimony under OEC 702. Plaintiff suggests that the evidence was nonscientific and, therefore, not subject to the reliability factors applicable to scientific evidence. OLCC argues, among other things, that the trial court correctly excluded Curry-Stevens's testimony because plaintiff failed to establish its scientific validity under Brown and O'Key .
Because plaintiff sought to call Curry-Stevens as an expert witness, the admission of her testimony as an expert is governed by OEC 702. That rule provides:
"If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."
If proposed testimony is "scientific," the proponent is "required to comply with the standards *426 for admission of scientific *418 evidence set out in O'Key and * * * Brown [.]" State v. Henley , 363 Or. 284, 295, 422 P.3d 217 (2018). Scientific validity is assessed based on the "reliability of the methods and procedures utilized to produce the proffered evidence." State v. Helgeson , 220 Or. App. 285, 291, 185 P.3d 545 (2008). Brown and O'Key set out a number of factors to be considered in assessing the reliability or scientific validity of scientific evidence.
In his brief on appeal, plaintiff cites a Ninth Circuit case, Hangarter v. Provident Life & Accident Ins. Co. , to suggest that Curry-Stevens's testimony was not subject to those requirements at all, because scientific validity factors do not apply to nonscientific testimony. 373 F.3d 998, 1017 (9th Cir 2004) (observing that indicia of scientific validity in Daubert v. Merrell Dow Pharmaceuticals, Inc. , 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and Kumho Tire Co. v. Carmichael , 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), do not apply to testimony that relies on the knowledge and experience of the expert, rather than on the methodology or theory behind it).
To the extent that plaintiff raises that as an issue on appeal to challenge the trial court's ruling excluding the evidence, the difficulty for plaintiff is that he failed to raise that issue with the same argument below that he presents on appeal. Both parties submitted briefing on Brown and O'Key to the trial court, and during argument to the trial court, plaintiff's counsel addressed those factors. Plaintiff never suggested below that the Brown and O'Key factors were inapplicable to the evidence; rather, he argued that those factors were satisfied on this record. Accordingly, we do not consider the new argument raised for the first time on appeal. See ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court."); State v. Reynolds , 250 Or. App. 516, 519, 280 P.3d 1046, rev. den. , 352 Or. 666, 293 P.3d 1045 (2012) (issue is preserved for appellate review if "the trial court had the opportunity to identify its alleged error with enough clarity to permit it to consider and correct the error immediately if correction is warranted" (internal quotation marks omitted) ).
*419 Conversely, on appeal, plaintiff appears to have abandoned the argument that he made below; he does not argue to us that the evidence satisfied the Brown and O'Key factors. Rather, on appeal, plaintiff focuses on Curry-Stevens's qualifications as an expert and the relevance of her testimony to his case. He does not address the admissibility of the evidence under the Brown and O'Key scientific evidence factors at all. That is, he does not contend that the trial court could not have excluded the evidence based on a correct application of those factors. Because that aspect of the analysis is sufficient reason to exclude the testimony, he has failed to show error in a Brown/O'Key construct.
Having failed to preserve below an issue first raised on appeal and having not pursued on appeal the issue presented below, plaintiff has not shown that the trial court erred in excluding the Curry-Stevens testimony.[1] Accordingly, we affirm the judgment rendered.
Affirmed.

Because there is no argument on the issue properly before us, we emphasize that we do not decide here whether the testimony is scientific, or, if so, whether it would satisfy the indicia of scientific validity of Brown and O'Key .